IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ROBERT L. POLLARD,**                                                      **PLAINTIFF,**

**VS.**                                                   **CIVIL ACTION NO. 4:05CV26-P-B**

**UNITED STATES OF AMERICA,**
**Operating through the U.S. POSTAL**
**SERVICE and the U.S. DEPARTMENT**
**OF LABOR,**                                                       **DEFENDANTS.**

### FINAL JUDGMENT

This matter comes before the court upon the Government's Motion to Dismiss Plaintiff's Complaint [11-1]. Upon due consideration of the motion, the court finds as follows, to-wit:

The plaintiff filed the instant suit on January 26, 2005 against the United States Department of Labor and the United States Postal Service. The Complaint seeks an order directing the Department of Labor's Office of Workers' Compensation Programs to pay the plaintiff total disability compensation benefits from the date of his last regular paycheck of April 17, 2003.

The Government filed the instant motion to dismiss on May 16, 2005 wherein it argues that the Complaint must be dismissed for lack of subject matter jurisdiction because under 5 U.S.C. § 8128(b) of the Federal Employees' Compensation Act (FECA) – which forecloses judicial review of matters arising within the scope of FECA – only the Department of Labor has the authority to administer benefits pursuant to the FECA, 5 U.S.C. §§ 8145, 8149.

The Government also explains that all the plaintiff needs to do to get the relief he requests is to file the proper forms with the Department of Labor's Office of Workers' Compensation

Programs. The Government avers that it has informed plaintiff's counsel of this fact but has received no response.

The deadline by which to file a response to the Government's motion to dismiss was June 3, 2005. As of today's date, almost seven months later, the plaintiff has filed no response, nor has he otherwise contacted the court.

The court concludes that given that benefit determinations under FECA are not subject to judicial review, *e.g., Grijalava v. United States,* 781 F.2d 472 (5th Cir. 1986), *cert. denied* 479 U.S. 822, and given that the plaintiff has not responded for some seven months to the instant motion to dismiss, this case should be dismissed with prejudice on the merits (*i.e.*, for lack of subject matter jurisdiction) and for failure to prosecute.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The Government's Motion to Dismiss Plaintiff's Complaint [11-1] is **GRANTED**; therefore,

(2) All of the plaintiff's claims are **DISMISSED WITH PREJUDICE**; and

(3) This case is **CLOSED**.

**SO ORDERED** this the 22nd day of December, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE